JUSTICE McKINNON,
dissenting.
¶18 Section 40-4-219, MCA, is the statute in Montana dedicated to amending parenting plans. A court may amend a parenting plan if it finds, upon the basis of facts that have arisen since the prior parenting plan, that: (1) a change in the circumstances of the child has occurred, *74 and (2) the amendment is necessary to serve the best interests of the child. Section 40-4-219(1), MCA. Section 40-4-219, MCA, directs the court in its substantive analysis of whether an amendment is necessary. Importantly, § 40-4-219(1)(c), MCA, expressly provides that the court may consider that “the child is 14 years of age or older and desires the amendment.” Other statutory factors warranting further inquiry by the court, which are also expressly set forth, are whether “the parents agree to the amendment,” § 40-4-219(1)(a), MCA; whether “the child has been integrated into the family of the petitioner with consent of the parents,” § 40-4-219(1)(b), MCA; whether “one parent has willfully and consistently ... refused to allow the child to have any contact with the other parent” or “attempted to frustrate or deny contact with the child ...,” § 40-4-219(l)(d), MCA; and, whether one parent has changed “the child’s residence in a manner that significantly affects the child’s contact with the other parent,” § 40-4-219(1)(e), MCA. The Legislature enumerated these specific considerations on equal footing and priority, thus indicating that a child who is 14 years of age is entitled to have his or her wishes considered for purposes of amending a parenting plan. Importantly, § 40-4-219(1)(c), MCA, which is set forth in a statute dedicated to amending a parenting plan, is distinct from the requirement that the court consider “the wishes of the child” when determining the child’s best interests at the initial parenting plan proceeding pursuant to § 40-4-212, MCA. Section 40-4-212(1)(b), MCA.
¶19 Section 40-4-220, MCA, provides the procedure for invoking the provisions of § 40-4-219, MCA. Section 40-4-220(1), MCA, requires that, in the absence of agreement, the party seeking an amendment must file an affidavit setting forth facts supporting the amendment. Here, Chellie gave notice in February 2015 that she wanted to amend the 2013 parenting plan on the basis that R.J.N. was almost 15 years old and H.E.N. was 12 years old, and both wanted to reside primarily with Chellie. At the time the District Court affirmed the Standing Master’s dismissal of Chellie’s petition, R.J.N. was close to 17 years old and H.E.N. was 14 years old. Chellie’s motion was supported by an affidavit indicating that both R.J.N. and H.E.N. wished to amend the parenting plan. No opposing affidavit was filed by William.
¶20 I would conclude that Chellie’s motion and affidavit, together with the express provision of § 40-4-219(1)(c), MCA, presented “adequate cause for hearing [Chellie’s] motion” and that a hearing on an order to show cause should have been granted. Section 40-4-220(1), MCA. The District Court, however, concluded on the basis of In re Whyte that “despite R. J.N.’s age and apparent desire to amend the Parenting Plan *75 (even if established at an evidentiary hearing), these facts alone do not constitute a sufficiently changed circumstance warranting a hearing under § 40-4-220(1), MCA.” The District Court observed that “Chellie failed to cite any case, nor has this Court come across any such Montana case in its research, that supports Chellie’s position.”
¶21 In my opinion, the provisions of § 40-4-219(1)(c), MCA, supported Chellie’s request and she did not need to recite authority from this Court to merit further inquiry into her children’s wishes. This Court, however, states it agrees “with the District Court’s conclusion that such a change [of circumstances] was not demonstrated here” and that “Chellie’s pleadings simply noted the children’s current ages and their desire to live primarily with her.” Opinion, ¶ 11. Where no opposing affidavit contests the applicability of § 40-4-219(1)(c), MCA, or sets forth other facts relevant to the children’s best interests, Chellie has met the threshold inquiry of demonstrating the children desire an amendment and there is adequate cause for a hearing. We are not addressing here whether an amended parenting plan should have been granted; rather, we are deciding whether a hearing should have been ordered because a child 14 years of age or older desired an amendment. Indeed, filed with Chellie’s motion was a request that the court inquire into the children’s wishes in the privacy of the court’s chambers.
¶22 Importantly, the District Court did not base its decision on the findings this Court makes: that the parenting plan was recently revised after substantial litigation; that the children’s wishes were not expressly considered in previous litigation, but their circumstances were extensively assessed; and that Chellie’s assertions appeared to merely return the case to the core issue litigated in 2013. Opinion, ¶ 11. None of these findings were made or even noted by the District Court. The District Court determined, as a matter of law, that a child who is 14 years of age and desires an amendment has not met the threshold inquiry of demonstrating a substantial change in circumstances. To be more precise, the District Court reviewed the Standing Master’s order dismissing Chellie’s petition for the reasons “set forth in [William’s] Motion and Reply.” I cannot accept that this gave adequate consideration to Chellie’s motion in light of the specific statutory provision requiring an adolescent’s wishes be heard.
¶23 In In re Whyte, a trial court granted a Mother’s motion to amend a parenting plan and this Court reversed. In re Whyte, ¶¶ 12, 24. The trial court expressly considered the wishes of an eleven year old child and other circumstances in the child’s life. In re Whyte, ¶ 12. We vacated the amended parenting plan, concluding that the evidence the trial court received was “insufficient to establish the statutory *76 standard for amendment of the parenting plan.” In re Whyte, ¶ 24. In our analysis of § 40-4-219(1)(c), MCA, we stated, “I while consideration of the child’s desires is statutorily required when the child is 14 years old, the ultimate decision is for the court to make, based upon the evidence, and cannot be delegated to the child.” In re Whyte, ¶ 28 (emphasis added). Thus, in In re Whyte we expressly stated that § 40-4-219(1)(c), MCA, requires a court consider the child’s desires when the child is fourteen years old. We determined the provision did not apply to the parenting plan at issue in In re Whyte because the child was only eleven years old. In re Whyte, ¶ 28. Here, in contrast, Chellie provided an affidavit that the children, at least one of them older than 14, desired an amendment pursuant to § 40-4-219(1)(c), MCA. No opposing evidence was presented. It is patently clear that the District Court dismissed the petition on what it believed was a matter of law. Although we add facts to our decision which were not articulated by the District Court so the court’s dismissal might be justified, our conclusion that Chellie has not met her threshold statutory burden conveys to an adolescent that his or her growth, maturity, and desire to direct and take control of his or her own life is not worthy of a hearing and consideration by the court. I am very much opposed to the suggestion that a child’s voice does not merit consideration by a court in a parenting proceeding, particularly when the Legislature has concluded otherwise.
¶24 In 1983 the Legislature added what is now § 40-4-219(1)(c), MCA. SB 371, 48th Leg. (Mont. 1983). The provision, introduced as Senate Bill 371, was titled, “An Act Providing that if it is in the Best Interest of the Child, a Child Custody Decree May be Modified When a Child Aged 14 Years or Older Desires that it be Modified; Amending Section 40-4-219, MCA.” Proponents of the provision expressed concern that, under the existing statutory framework, a child of appropriate age was disenfranchised from expressing his or her wishes and desires as to a parenting plan amendment. Senate Committee on Judiciary Hearing, Exhibit A, 1 (February 11, 1983). Proponents believed that “our young people have a right to input their desires requesting a custody modification upon a court.” Senate Judiciary Committee Hearing, Exhibit A, 1 (February 11, 1983). The Senate intended the provision to “allow a 14-year-old child to express their desires as to which parent they are placed with” without binding the court to the child’s desires. Senate Judiciary Committee Hearing Minutes, 4 (February 15, 1983). The House of Representatives noted that the provision would not permit a child to choose who he or she lived with “as a matter of right,” but instead the provision would allow a judge to take a child’s desire *77 “into consideration once the child reaches [age 14].” House Judiciary Committee Hearing Minutes, 6 (March 14, 1983). Despite subsequent amendments to § 40-4-219, MCA, a child of age 14 or older still has the right to express his or her desire for an amended parenting plan pursuant to § 40-4-219(1)(c), MCA, and we must ensure that right is protected.
¶25 Contested parenting proceedings are hard for everyone—the parents, the family, the witnesses, the court; but most particularly, the children for whom the proceedings are designed to serve and protect. The proceeding should not shut out the voice of the very individual upon which the proceeding is focused. While the court obviously is not required to adopt a parenting plan consistent with the child’s wishes, it is nonetheless important for the child that he or she is heard by the court. Given the contentious nature and substantial amount of litigation in these proceedings, as noted by the Court, it would seem particularly appropriate that the voices and wishes of R.J.N. and H.E.N.—here, two adolescents—be heard, through any means the court deemed appropriate. At least, in such a fashion, they would have the benefit of knowing that their wishes were heard and considered. In my opinion and as explained above, this was what the Legislature contemplated when it allowed for the amendment of a parenting plan to consider the wishes of a child who is 14 years of age or older. Section 40-4-219(l)(c), MCA.
¶26 I respectfully dissent from the Court’s decision that Chellie’s motion and uncontroverted affidavit did not establish adequate cause for a hearing.